UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
THOMAS G. BERGSTROM,

                        Plaintiff,         6:07-CV-0064
                                                       (NPM)(GHL)

    v.

JO ANNE B. BARNHART, Commissioner, Social Security
Administration,

                        Defendant.

APPEARANCES:

THOMAS G. BERGSTROM
Plaintiff, *pro se*

NEAL P. McCURN, SENIOR DISTRICT JUDGE

## MEMORANDUM-DECISION and ORDER

**I.    Introduction**

The Clerk has sent to the Court for review a *pro se* complaint filed by Thomas G. Bergstrom. Plaintiff, who has not paid the filing fee, also filed an application for leave to proceed with this action *in forma pauperis*.

**II.    Discussion**

**(A) *In forma pauperis* application**

By Order of Magistrate Judge George H. Lowe filed January 22, 2007, plaintiff's *in forma pauperis* application was granted. Dkt. No. 3 (the "January Order").[1]

**(B) The sufficiency of the complaint**

The Court must consider the sufficiency of the complaint in light of 28 U.S.C. §

---

[1] The January Order directed service of the summons, complaint and General Order 18 on the defendant. *Id*. The service provisions of the January Order are hereby vacated.

1915(e).  Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

>   (2)   [S]hall dismiss the case at any time if the Court determines that -
>
>   \*\*\*
>
>   (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*.  *Id*.

According to the facts set forth in the complaint, plaintiff applied for social security disability benefits in 1984 following an automobile accident.  Plaintiff states that although he has provided ample medical evidence, and has complied with all applicable filing requirements, his claim remains open.  Dkt. No. 1 at 2-3.  Plaintiff states that he received a partial disability award in July, 2006, which covered the one year period April 7, 1984 to April 7, 1985.  Plaintiff complains that he has been wrongfully denied full disability benefits for the thirteen year period between the accident and his "P.I.A. retirement in 1997."  Dkt. No. 1 at 3.[2]  Plaintiff claims that the government has engaged in a "deliberate exploitation" of disability claimants in an effort to deny claimants their just benefits and seeks compensation for the "deliberate and flagrant" violation of his

---

[2] Plaintiff has not received a final decision on his claim for disability benefits. Accordingly, the Court does not have jurisdiction over this matter pursuant to 42 U.S.C. § 405(g), which provides for judicial review of "final decisions" of social security claims.

constitutional rights.  *Id*. at 5.  For a complete statement of plaintiff's claims, reference is made to the complaint.

Plaintiff purports to maintain this action pursuant to 42 U.S.C. § 1983.  Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by persons acting under color of state law.  *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted).

Plaintiff's complaint contains no allegations of state action; rather, his claims are asserted against the Commissioner of the Social Security Administration, an agency of the federal government.  Accordingly, this Court does not have jurisdiction over plaintiff's claims pursuant to section 1983.

In light of plaintiff's *pro se* status, the Court has considered whether the allegations of his complaint state a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  In *Bivens*, the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-67 (2001) (discussing the origin of *Bivens* claims).  *Bivens* actions, although not precisely parallel, are the analog to actions pursuant to 42 U.S.C. § 1983 against state actors, and the constitutional standard of review is the same for either type of action. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (per curiam).  Thus, federal courts have "typically incorporated § 1983 law into *Bivens* actions."  *Id*.

Courts are generally hesitant to extend the reach of *Bivens* actions when "the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration...." *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988).

The Social Security Act sets forth an elaborate scheme of remedial mechanisms. The Social Security Act makes no provisions for remedies in money damages from officials whose conduct leads to the wrongful denial of benefits. *Schweiker*, 487 U.S. at 424. In *Schweiker*, the Supreme Court concluded that because the Congressional scheme for dealing with social security disability claims provides comprehensive safeguards and remedies to claimants under the system, an implied *Bivens* action for further damages does not lie. *Schweiker*, 487 U.S. at 424-27; *see Maloney v. Soc. Sec. Admin*., 2006 WL 1720399 * 9 (E.D.N.Y. Jun. 19, 2006) (no claim for due process violations in administration of social security benefits).

### III.   Conclusion

Based upon the foregoing, the Court finds that plaintiff's complaint fails to state a claim against the named defendant upon which relief may be granted by this Court. Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

WHEREFORE, it is hereby

ORDERED, that the January Order (Dkt. No. 3) is hereby vacated insofar as it directed service of the summons and complaint on the defendant, and it is further

ORDERED, that plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and it is further

ORDERED, that the Clerk serve a copy of this Memorandum-Decision and Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated: March 19, 2007
      Syracuse, New York

_____

Neal P. McCurn
Senior U.S. District Judge